Robert G. Schock, State Bar No. 37682
LAW OFFICES OF ROBERT G. SCHOCK
1970 Broadway, Suite 1200
Oakland, CA 94612
Telephone: (510) 839-7722
Facsimile:  (510) 839-7752

Attorney for Plaintiff
ARDEN JOHNSON PETROV

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDEN JOHNSON PETROV,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and DOES 1-100, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff, Arden Johnson Petrov, alleges as follows:

1. Pursuant to this Court's local Rule 8-1, plaintiff asserts that the statutory or other basis of the exercise of jurisdiction in the United States Federal District Court is based upon a federal question asserted under 42 U.S.C. 1983 as to violations of plaintiff's rights under the United States Constitution and laws, including those under the First, Fourth and Fourteenth Amendments as well as supplemental jurisdiction for plaintiff's stated claims asserted pursuant to 28 U.S.C. 1367(a); all of which plaintiff requests be tried and heard before a jury.

2. At all relevant times mentioned in this Complaint, plaintiff was a residence of Alameda County, California.

3. The actual defendants are West Berkeley Family Practice/Lifelong Medical Care, Magdalen Edmunds, M.D. and Sharad Kohili, M.D., employees of West Berkeley Family Practice/Lifelong Medical Care, which entities and persons are subject to the Federal Tort Claims Act since they are financed by the United States Government.

4. The Federally Supported Health Centers Assistance act of 1992, Public Law No. 102-501, 42 U.S.C. § 233(g)(k), and the amended Federally supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 U.S.C. § 201, provides that the Federal Tort Claims Act is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center which occurred on or about January 1, 1993 or when the Health center was deemed eligible for coverage. The involved Health Center was deemed eligible for FTCA coverage on February 1, 1998 and was further deemed through 2012. Therefore our client's claim was filed with the appropriate Federal agency, the US Department of Health and Human Services.

5. At all times mentioned herein, the United States Department of Health and Human Services (hereinafter "US Department of Health and Human Services") was and is a public entity and a division of the United States of America.

6. Plaintiff is informed and believes and, based upon such information and belief, allege that, at all times herein mentioned, each and every defendant was negligent and was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

**COMMON ALLEGATIONS**

7. Plaintiff's claim is based on the fact that the West Berkeley Family Practice/Lifelong Medical Care, its employees and agents, negligently treated, examined and otherwise conducted themselves with respect to the medical care of Arden Johnson Petrov

-2-
COMPLAINT FOR DAMADGES

and they failed to make an earlier diagnosis of cancer, thus causing a significant change in her life expectancy. She was cared for by Magdalen Edmunds, M.D., Sharad Kohili, and West Berkeley Family Practice/Lifelong Medical Care on several occasions since approximately June 2, 2010 and no steps were taken which could have caught the cancer earlier so that it could be eradicated. The diagnosis of metastatic carcinoma was finally made October 28, 2012. They negligently and carelessly failed to make an earlier diagnosis of cancer thus causing a significant change in her life expectancy as well as requiring additional medical and surgical procedures.

8. Through the course of their treatment, and at the inception, certain forms were filled out alerting the medical staff of her medical history that would have alerted them to take additional tests throughout their course of their treatment of plaintiff which would have provided the correct diagnosis and opportunity to minimize the injuries and damages.

9. A tort claim was filed on or about February 24, 2014 against the United States and more specifically the Department of Health & Human Services, which administers the claims for West Berkeley Family Practice/Lifelong Medical Care and its employees Magdalen Edmunds, M.D. and Sharad Kohili, M.D. Said claim was denied on or about August 25, 2014 and this suite is being filed within six (6) months of that time.

10. By reason of the premises, plaintiff has suffered severe injuries to plaintiff's extremities, severe and grievous physical, mental and emotional shock, and other injuries not presently diagnosed which plaintiff prays leave to insert by amendment when the same are determined. Defendants further have diminished plaintiff's life expectancy.

11. By reason of the premises, plaintiff was compelled to and plaintiff did, secure the services of doctors, nurses, hospitals and the like to plaintiff's damage in a presently undetermined amount, which plaintiff prays leave to insert by amendment when the same is determined.

12. Plaintiff was an able bodied person and has been unable, and will be unable for an indefinite period of time in the future, to pursue plaintiff's occupation to plaintiff's damage

-3-

**COMPLAINT FOR DAMADGES**

in a presently undetermined amount, which plaintiff prays leave to insert by amendment when the same is ascertained.

13. By reason of the premises, plaintiff has been generally damaged in the sum of two million dollars ($2,000,000.00) and is entitled to pre-judgment interest thereon.

WHEREFORE, plaintiff ARDEN JOHNSON PETROV prays judgment against defendants THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and DOES 1-100, Inclusive, and each of them, as follows:

1. For general damages and special damages in the sum of two million dollars ($2,000,000.00), together with pre-judgment interest;

2. For costs of suit incurred herein; and,

3. For such other and further relief as the court may deem just and proper.

Dated: October 9, 2014

LAW OFFICES OF ROBERT G. SCHOCK

By: ROBERT G. SCHOCK, Attorney for Plaintiff, ARDEN JOHNSON PETROV